**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charity Mitchell,<br><br>            Plaintiff,<br><br>v.<br><br>American Airlines, Inc.<br><br>            Defendants. | No. 17-CV-2470-PHX-DGC<br><br>**ORDER** |

Pro se Plaintiff Charity Mitchell has filed a Third Amended Complaint against Defendant American Airlines, Inc. alleging a violation of the Americans with Disabilities Act ("ADA") and breach of contract. Doc. 41. Defendant has filed a motion to dismiss for failure to state a claim. Doc. 45. The motion is fully briefed. Docs. 47, 48. For the reasons that follow, the motion will be granted in part and denied in part.[1]

**I.    Background.**

Plaintiff, who suffers from a physical impairment that requires her to use a "colostomy apparatus" and "medicines," began working for Defendant as a customer service employee in Phoenix, Arizona in November 2010. Doc. 41 ¶¶ 1-3. In order to

---

[1] Defendant contends that the amended complaint improperly names "American Airlines/USairways" as the defendant, and requests that American Airlines, Inc. be substituted as the sole defendant. Doc. 45 at 1-2. Although Plaintiff was employed exclusively with US Airways throughout her employment, US Airways ceased to exist in 2015 when it merged with American Airlines. *Id.* The Court will dismiss "American Airlines/USairways" and substitute American Airlines, Inc. as the proper defendant. *See* Fed. R. Civ. P. 21.

get to her work station, Plaintiff was required to pass through TSA security screening. *Id.* ¶¶ 1-2. Plaintiff's impairment required that a female TSA agent be available to search her personal items and under her clothing. *Id.* ¶ 3. But because a female TSA agent was not always readily available, Plaintiff was late to her work station on several occasions. *Id.* ¶¶ 2-3. Plaintiff alleges she was harassed and disciplined for being late. *Id.* ¶¶ 3-5.

In January 2011, Plaintiff met with her supervisor, Steve Olson, regarding her impairment and trouble getting through TSA security. *Id.* ¶ 4. During the meeting, Mr. Olson informed Plaintiff that it was just a matter of time before she would no longer be employed with the company and that perhaps she did not fit in at the Phoenix station. *Id.* In March 2011, Plaintiff discussed the difficulties she was experiencing with a human resources representative. *Id.* ¶ 9. Mr. Olson responded that Plaintiff should consider alternatives to her employment. *Id.* Plaintiff was ultimately terminated. Plaintiff alleges that these encounters and comments, and her termination, were a direct result of her impairment and associated personal needs while working. *Id.* ¶ 5; Doc. 47 at 2.

## II. Legal Standard.

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When a plaintiff is proceeding pro se, factual allegations, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The rule of liberal construction of pleadings is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

**III. ADA Discrimination Claim.**

Construing Plaintiff's pleadings liberally, the Court understands Plaintiff to be raising a claim of disability discrimination under Title I of the ADA. 42 U.S.C. §§ 12112, *et seq*. ADA discrimination claims are analyzed under the *McDonnell Douglas* burden-shifting framework, which requires an employee to carry the initial burden of establishing a prima facie case of discrimination. *See Raytheon Co. v. Hernandez*, 540 U.S. 44 (2003). If the employee meets this burden, the burden shifts to the employer to articulate "a legitimate nondiscriminatory reason" for the employee's discharge. *Id.* at 50. To establish a prima facie case, Plaintiff must show that: (1) she is disabled within the meaning of the ADA; (2) she is otherwise qualified, meaning with or without reasonable accommodation she is able to perform the essential functions of her job; and (3) she suffered an adverse employment action because of her disability. *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012); 42 U.S.C. §§ 12112(a), (b)(5)(A).

**A. Disabled Within the Meaning of the Act.**

The ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102(1). According to the ADA Amendments Act of 2008 ("ADAAA"), the definition of disability is "construed in favor of broad coverage" of individuals asserting claims under the Act. *Id.* § 12102(4)(A); *Rohr v. Salt River Project Agric. Improvement & Power Dist.*, 555 F.3d 850, 853 (9th Cir. 2009). Further, the ADAAA implementing regulations

provide that the "question of whether an individual meets the definition of disability under [the ADA] should not demand extensive analysis." 29 C.F.R. § 1630.1(c)(4).

Defendant argues that Plaintiff failed to assert that she suffers from a disability because she has not alleged that her colostomy apparatus and related medications substantially limit a major life activity. Doc. 45 at 5. But the ADA expressly lists the operation of the "digestive" and "bowel" systems as major bodily functions that qualify as major life activities. 42 U.S.C. § 12102(2)(A)-(B). Plaintiff's allegation that she must use an apparatus to eliminate waste through a surgical opening in her abdomen reasonably alleges that she has an impairment that substantially limits a major life activity. As one court relevantly explained:

> [I]t is apparent that Plaintiff's colostomy severely limits the operation of his bowel and digestive functions – portions of these systems were removed from his body and he now eliminates waste through an opening in his abdomen. That it takes Plaintiff "a few minutes longer than the average person" to use the restroom is not dispositive of whether Plaintiff is disabled. If that were the case, a wheelchair user that needed just a few inches more space than the average person to pass through a doorway would not be considered disabled.

*Pilling v. Bay Area Rapid Transit*, 881 F. Supp. 2d 1152, 1159 n.8 (N.D. Cal. 2012); *see also Hodge v. Henry Cty. Med. Ctr.*, 341 F. Supp. 2d 968, 974 (W.D. Tenn. 2003) (finding enough evidence to create a jury question as to whether plaintiff was disabled where she had part of her intestinal tract removed and had a colostomy apparatus). Plaintiff has adequately alleged that she is disabled under the ADA, and her complaint will not be dismissed on this basis.

### B. Qualified Individual.

The ADA defines "qualified individuals" as those "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds." 42 U.S.C. § 12111(8). Defendant does not dispute that Plaintiff has sufficiently alleged this element. Plaintiff was employed in her position

for at least eight years and alleges that her "colostomy and supplies . . . did not interfere with [her] ability to speak type and walk while working." Doc. 47 at 2. She further alleges that she was a good employee who received several awards for her performance. Doc. 41 ¶ 12. Plaintiff has plausibly alleged that she is a qualified individual under the ADA.

### C. Termination Because of Disability.

Plaintiff bears the burden of demonstrating that she was discriminated against "because of" her disability. *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 994 (9th Cir. 2007). Plaintiff must establish that Defendant's adverse employment decision was motivated, "even in part, by animus based on [her] disability or request for an accommodation – a motivating factor standard." *Dark v. Curry Cty.*, 451 F.3d 1078, 1085 (9th Cir. 2006) (quoting *Head v. Glacier Nw. Inc.*, 413 F.3d 1053, 1065 (9th Cir. 2005)).

Defendant argues that Plaintiff has not alleged sufficient facts to show that she was terminated because of her disability. Doc. 45 at 8. Plaintiff alleges that her colostomy apparatus delayed her passage through security, and that Defendant did not provide an alternative route for her to arrive at her station on time. Doc. 41 ¶¶ 1-2. She alleges that she explained her disability to her supervisor, Mr. Olson, and he responded that "Phoenix was not a fit for [her], [she] would do better to transfer out, [and] it is just a matter of time before [she is] no longer employed with USAirways." Doc. 47 at 2; Doc. 41 ¶¶ 3-4. Plaintiff asserts these comments were "a direct result of [her] apparatus and personal needs while working the gates." Doc 47 at 2. Plaintiff also alleges that she was terminated in part for conduct resulting from her disability. Doc. 41 ¶¶ 2-5. Plaintiff notes that she was disciplined for being late to her work station because a female TSA agent could not always be located when she passed through screening. *Id.*

It is well established in the Ninth Circuit that "conduct resulting from a disability is considered to be part of the disability, rather than a separate basis for termination." *See*

*Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1139-40 (9th Cir. 2001). This applies to limitations in getting to and from work. *See Livingston v. Fred Meyer Stores, Inc.*, 388 F. App'x 738, 740 (9th Cir. 2010); *see also Humphrey*, 239 F.3d at 1135 (holding that employer had an obligation to accommodate employee's inability to get to work on time or at all due to obsessive-compulsive disorder). Plaintiff's allegations give rise to a reasonable inference that her disability was a motivating factor in her termination.

Plaintiff has adequately pled the three elements of a prima facie ADA discrimination claim. Defendant's motion, which is limited to arguing that Plaintiff cannot prove these elements, will be denied.[2]

## IV. Breach of Contract Claim.

Plaintiff also appears to assert a state law claim for breach of contract. Plaintiff contends that Defendant failed to comply with the collective-bargaining agreement ("CBA") provisions regarding employee discipline and termination. Doc. 41 ¶ 6. Defendant argues that Plaintiff's claim is preempted by the Railway Labor Act ("RLA"). Doc. 45 at 10. The Court agrees.

The RLA, which applies to the airline industry, establishes "a mandatory arbitral mechanism to handle disputes 'growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions.'" *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 248 (1994) (quoting 45 U.S.C. § 153(i)). To determine whether RLA preemption applies, courts must inquire into the source of the right asserted by the plaintiff. *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001); *Espinal v. Nw. Airlines*, 90 F.3d 1452, 1456 (9th Cir. 1996). When the plaintiff's right is dependent on interpretation or application of a collective bargaining agreement, the claim is preempted. *Hawaiian Airlines*, 512 U.S. at 256. But when the

---

[2] Defendant argues that Plaintiff has failed to state a claim for retaliation, but cites only to her second amendment complaint. Doc. 48 at 4-5. Plaintiff's third amended complaint does not assert a claim for retaliation. Doc. 41. The Court therefore will not address this part of Defendant's argument.

right asserted exists independently of such an agreement – when it can be resolved without interpreting the agreement – the claim is not preempted. *Id.*

Plaintiff's breach of contract claim is, by her own admission, rooted in the CBA. Plaintiff alleges that her employment was governed by the CBA and that any disputes regarding discipline and termination fall under the agreement. Doc. 41 ¶ 6. Thus, Plaintiff's breach of contract claim is preempted by the RLA. *See Espinal*, 90 F.3d at 1459 (holding that the plaintiff's breach of contract claim was preempted by the RLA and that his "only contractual remedies lie in the grievance procedures set forth under the CBA").

**IT IS ORDERED:**

1. American Airlines, Inc. is substituted as the sole Defendant in place of "American Airlines/USairways."
2. Defendant's motion to dismiss (Doc. 45) is granted in part and denied in part. The motion is **granted** as to Plaintiff's breach of contract claim and **denied** as to Plaintiff's claim for termination in violation of the ADA.

Dated this 8th day of January, 2018.

_____
David G. Campbell
United States District Judge